## APPEAL OF NAVARRO LUMBER CO.

Docket No. 3319.   Promulgated February 13, 1928.

*A. R. Serven*, *Esq.*, for the petitioner.
*A. R. Marrs*, *Esq.*, for the Commissioner.

694

**OPINION.**

MARQUETTE: The deficiency letter herein sets forth additional taxes for the years 1914 and 1917, and overassessments for the years 1915 and 1916. The additional taxes for 1914 and 1917 were assessed prior to January 27, 1925, and no claim for abatement of such taxes or any part thereof has ever been filed by the taxpayer. The taxes for 1915 and 1916 were assessed on the taxpayer's original return for those years and the overassessments herein do not arise from the disallowance or partial disallowance of any claim for abatement. We have no jurisdiction of this appeal in so far as it relates to any of the years 1914 to 1917, inclusive. *Appeal of David B. Mills,*

1 B. T. A. 199; *Appeal of John Guitar*, 1 B. T. A. 213; *Appeal of Charles J. Kinzel*, 1 B. T. A. 719; *Appeal of Cornelius Cotton Mills*, 4 B. T. A. 255.

The taxpayer contends that the contract of November 22, 1913, was a contract of purchase of the Stearns plant and timber; that the purchase price of the plant should be taken into consideration in computing the profit realized on the subsequent sale of the plant in 1920, and that the amounts paid by the taxpayer on the purchase price should be included in invested capital as and when made. The position of the Commissioner is that the business of the Stearns Lumber Co. had been unprofitable, and that in order to induce Dusenbury and his associates to purchase the Stearns timber and undertake the logging and manufacturing thereof, it gave them the plant as a bonus for entering into the contract. It has also been suggested that the contract in question was a contract to purchase.

In view of the unsatisfactory state of the record in this proceeding, we do not see that it makes any material difference as to which of the three suggested constructions we place on the contract of November 22, 1913. If it be construed either as a contract of purchase or a contract to purchase, the purchase price, if ascertainable, should be the basis for determining the gain or loss on the subsequent sale, with proper adjustments for improvements and depreciation, and the payments thereon should be reflected in invested capital as and when made. If the Stearns plant was given to Dusenbury and his associates solely as a consideration for the execution of the contract and was turned in by them to the taxpayer, the actual cash value of the plant at the time turned in should be the basis for determining gain or loss from the subsequent sale, and the amount at which the plant should be included in the taxpayer's invested capital. However, sufficient evidence has not been presented to enable us to determine what that value was.

The pleadings herein raise the issues only in a general way, and the evidence presented is so vague, indefinite, and confusing that it is difficult to determine what the true facts of the case are. Assuming that Dusenbury and his associates intended to purchase the Stearns plant and to pay for it out of timber cut, there is not sufficient evidence to enable us to find what the purchase price was to be, except that a certain amount was arbitrarily allocated thereto on the taxpayer's books after the contract of November 22, 1913, had been assigned to it. According to the evidence the taxpayer started out with an estimated purchase price of $132,000, based upon the amount of timber it expected to cut, and wound up with a purchase price of $81,000, because the amount of timber fell short of the estimates. At best, the purchase price now claimed is only an estimate. The several amounts paid by the taxpayer to the Stearns Lumber Co.,

which it is now contended constituted the purchase price of the Stearns plant, were originally considered by the taxpayer as a part of the cost of lumber cut and sold, and were so treated and deducted in its income-tax returns in the years in which the payments were made. In other words, if the taxpayer purchased the Stearns plant and paid for it out of the timber sold, it has actually charged the plant off through income in the years in which the payments were made.

In this proceeding the Commissioner has determined certain deficiencies. The burden is upon the taxpayer to show by competent evidence that the Commissioner has erred in his determination. As we have heretofore stated, the evidence which has been presented to us is vague, confusing and indefinite, and we are of the opinion that the taxpayer has failed to meet the burden of proof imposed upon it, and we are therefore not warranted in disturbing the Commissioner's determination.

*Judgment will be entered for the Commissioner.*